UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LISA BARR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| THE BOARD OF TRUSTEES OF WESTERN | ) | |
| ILLINOIS UNIVERSITY, a body politic and | ) | |
| corporate, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Lisa Barr, and for her causes of action against the Defendant, The Board of Trustees of Western Illinois University, a body politic and corporate ["University"], states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Section 1337, together with Title 29, United States Code, Section 626(c) and 42 U.S.C. Section 2000e-5. This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of age and protections against retaliation because an employee opposes discrimination on account of race.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since the University is located within the judicial district of this Court and the claims giving rise to the above captioned proceeding did

occur within the judicial district of this Court.

## PARTIES

1. That at all times relevant to this proceeding the Plaintiff, Lisa Barr, was an adult resident of McDonough County, Illinois.  At times relevant to this case, she served on the faculty of the University.

2. That at all times relevant to this proceeding, the University was a political subdivision of the state of Illinois which:  a) was organized pursuant to the "Western Illinois University Law" [110 ILCS 690/35-1]; and b) was an institution of higher learned engaged in both scholarly research and educational services.

## ALLEGATIONS COMMON TO ALL COUNTS

3. That at all times pertinent to this proceeding the University did, in connection with its government enterprise, employ individuals to engage in the receiving, handling or otherwise working on or dealing in goods, products or services that have been moved in or produced for commerce and, in engaging in that activity, was both engaged in commerce and in an industry effecting commerce.

4. That the University is a political subdivision of the state of Illinois and constitutes an employer as that term is used in 29 U.S.C. Section 630(b) and 42 U.S.C. 2000e.

5. That within the time prescribed by law the Plaintiff, Lisa Barr, did file with the United States Equal Employment Opportunity Commission ["EEOC"] a charge of employment discrimination because of age and unlawful retaliation against the University.  This proceeding is being initiated within 90 days of the date the Plaintiff, Lisa Barr, received from the EEOC permission to initiate this proceeding.

6. That the Plaintiff, Lisa Barr, was at the time of the occurrence giving rise to the above entitled cause over the age of 40 years and accordingly was within the age group protected by law against discrimination in employment because of age.

7. That the Plaintiff, Lisa Barr, who was born on December 23, 1957, commenced her employment with the University beginning with the 2007/2008 academic year and worked for it continuously thereafter through the spring semester of the year 2010.

8. That at all times relevant to this proceeding, the Plaintiff, Lisa Barr, satisfactorily performed her employment duties for the University, satisfied all reasonable employment expectations which the University had for her and was fully qualified to be retained as a faculty member of the University following the conclusion of the University's 2009/2010 academic year.

9. That during the 2008/2009 academic year the Plaintiff, Lisa Barr, protested to officials of the University its actions in refusing to offer employment on the faculty to an individual who was Nigerian. She asserted in this respect that its decision was motivated in part by racial consideration.

10. That the Plaintiff, Lisa Barr, was appointed to her faculty position at the University as a tenure track faculty member. As such, she was entitled following her sixth year of employment with the University to apply and be considered for tenure with it. During each year prior to being given tenure, she was, as a tenure track faculty member, to be evaluated for retention on the faculty for the ensuing academic year.

11. That before a faculty member of the University is granted tenure that person annually is considered for retention on the faculty of the University for the following academic

year.  A faculty member is evaluated for retention based upon the individual's:  a) teaching adequacy; b) scholarly research activities; and c) service.  An initial retention recommendation is made within the department in which the faculty member teaches for the University.

12.  That during the 2009/2010 academic year the Plaintiff, Lisa Barr, applied for consideration for fourth year retention.  At least four other faculty members in her department also applied at that time for fourth year retention.  On information and belief each of those individuals was significantly younger than the Plaintiff, Lisa Barr.

13.  That the Plaintiff, Lisa Barr, satisfied the University's stated requirements for fourth year retention based upon her teaching performance, scholarly research and service.

14.  That the University denied the Plaintiff, Lisa Barr's retention on the faculty of the University following the 2009-2010 academic year.  As a result her employment with the University was terminated at the end of the 2009/2010 academic year.   Each of the other individuals in her department who applied for fourth year retention was retained for the 2010/2011 academic year.

COUNT I

For her first claim against the University the Plaintiff, Lisa Barr, states as follows:

1-14.  For paragraphs 1 through 14  of Count I the Plaintiff, Lisa Barr, incorporates paragraphs 1 through 14 above.

15.  That the Plaintiff, Lisa Barr, was at the time of the occurrence giving rise to the above entitled cause over the age of 40 years and accordingly was within the age group protected by law against discrimination in employment because of age.

16.  That the University, in engaging in the foregoing conduct, treated the Plaintiff, Lisa

Barr, differently and less favorably than younger faculty members employed by it who were no more qualified than she for retention.

17. That as a direct and proximate result of the conduct described above, the Plaintiff, Lisa Barr, has lost her employment with the University as well as the salary and other benefits attendant to that employment.

COUNT II

For her second claim against the University the Plaintiff, Lisa Barr, states as follows:

1-14. That the Plaintiff, Lisa Barr, incorporates in this Count paragraphs 1 through 14 as set forth above.

15. That through the conduct of the University described above has discriminated and retaliated against the Plaintiff, Lisa Barr, because of her efforts in opposing conduct which she believes was unlawful under the terms of the foregoing Act in violation of 42 U.S.C. §2000e-3. The conduct of the University in this respect has adversely and materially effected the terms and conditions of her employment with the University.

16. That as a direct and proximate result of the conduct described above the Plaintiff, Lisa Barr, has sustained the loss of her employment with the University resulting in the loss of salary and employment benefits with emotional trauma, mental anguish, embarrassment, humiliation, inconvenience and loss of enjoyment of life all of which has resulted in injury and damage to her.

WHEREFORE, the Plaintiff, Lisa Barr, respectfully requests that this Court enter judgment in her favor and against the University and provide the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this

complaint are unlawful in violation of the provisions of 26 U.S.C. §621 et.al. and 42 U.S.C. §2000e-3 and issue a mandatory injunction against the University to take affirmative steps to ensure that it and all individuals working for it refrain from engaging in any actions with respect to the Plaintiff, Lisa Barr, which are prohibited under the terms of the Acts aforesaid;

  B. Issue a mandatory injunction directing the University to re-employ the Plaintiff, Lisa Barr, to the position held by her prior to the discriminatory conduct complained of with all employment duties, responsibilities and rights attendant to that position and at a salary equal to or greater than the salary she earned prior to the discriminatory conduct complained of by her or, in lieu thereof, award her in the form of damages monies equal to lost future wages and employment benefits;

  B. Award the Plaintiff, Lisa Barr, damages sufficient to compensate her for injuries and economic losses suffered by her as a result of the misconduct of the University;

  C. Assess against the University the costs and expenses incurred by the Plaintiff, Lisa Barr, in maintaining the above captioned proceeding together with the reasonable attorneys' fees incurred by her in prosecuting the above cause;

  D. Assess in favor of the Plaintiff, Lisa Barr, and against the University such exemplary damages or liquidated damages as may be provided by law for the willful violations of the law committed by it; and

  E. Provide such other relief as the Court deems to be equitable and just.

**THE PLAINTIFF, LISA BARR, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS PROCEEDING WHICH MAY BY LAW BE TRIED BEFORE A JURY BE TRIED BY A JURY.**

LISA BARR, Plaintiff
By: s/ James P. Baker
James P. Baker
Bar Number: 0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
E-mail:  cmbakerlaw@aol.com