IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LISA BARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.   10-1199-MMM-JAG |
| | ) |
| THE BOARD OF TRUSTEES OF | ) |
| WESTERN ILLINOIS UNIVERSITY, | ) |
| a body politic and corporate, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S JANUARY 17, 2013, BRIEF**

NOW COMES Defendant, THE BOARD OF TRUSTEES OF WESTERN ILLINOIS UNIVERSITY, by and through its attorney, Lisa Madigan, Attorney General for the State of Illinois, and, pursuant to the Court's January 2, 2013, text Order, hereby responds to Plaintiff's January 17, 2013, brief.

**ARGUMENT**

Plaintiff does not dispute that there is a final judgment on the merits in her prior case, that the parties to her prior case and this lawsuit are identical, and that there is an identity of causes of action because both cases focus on the same adverse employment action—Plaintiff's termination. All of the elements for res judicata are therefore met. *Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). Plaintiff argues that res judicata should not bar this lawsuit since at the time she filed her first lawsuit, she had not received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") regarding a second charge of discrimination, charge #440-2010-02670. *See* d/e 21-2. In other words, Plaintiff argues that since

1

her claims were split into separate charges and one charge had yet to be resolved at the time of the first judgment, res judicata does not bar claims raised in the second charge.

The Seventh Circuit has repeatedly rejected this argument. *E.g. Palka v. City of Chicago*, 662 F.3d 428, 438 (7th Cir. 2011); *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011). The Seventh Circuit has squarely held that a failure to receive a right-to-sue letter from the EEOC does not exempt a plaintiff from the res judicata effect of an unfavorable judgment. *Czarniecki*, 633 F.3d at 550 (holding that the plaintiff's argument that res judicata should not apply since he "was not yet able to obtain the requisite 'right-to-sue' letter" from the EEOC "is meritless"). The Seventh Circuit has held that a plaintiff has at least five options to preserve a claim while waiting for a right-to-sue letter: (1) ask the EEOC to accelerate the administrative process; (2) seek an agreement for the employer to waive the statute of limitations; (3) seek an agreement with the employer to split a single claim into two or more suits; (4) delay the filing of the first suit until the last possible moment; or (5) request that the court postpone or stay the first case until a right-to-sue letter is issued on the second charge. *E.g. Palka*, 662 F.3d at 438. When a plaintiff fails to exercise these options and instead splits their claims into separate lawsuits, a judgment on the first lawsuit operates as res judicata to bar a second lawsuit. *Palka*, 662 F.3d at 438; *Czarniecki*, 633 F.3d at 550-51.

For example, in *Brzostowski*, the plaintiff sued in state court and challenged his termination under an employment contract. 49 F.3d at 338. After he lost that case, he filed a federal age discrimination lawsuit. *Id.* The district court dismissed the case. *Id.* The Seventh Circuit affirmed, holding that res judicata barred the second lawsuit because both cases arose from the same core of operative facts. *Id.* at 338-39. The Seventh Circuit also rejected the plaintiff's argument that since he had not received a right-to-sue letter, he could not file his age

2

discrimination claim when his first lawsuit was decided. *Id.* at 339. The court held that "[w]hat [the plaintiff] cannot do, as he did here, is split causes of action and use different theories of recovery as separate bases for multiple suits." *Id.*

Similarly, the plaintiff in *Czarniecki* filed an action under 42 U.S.C. § 1983 and the Equal Protection Clause, alleging that he was improperly terminated based on his national origin. 633 F.3d at 546. After he lost his first lawsuit, the plaintiff filed another lawsuit under Title VII and state law that also challenged his termination. *Id.* at 546, 548. The plaintiff argued that res judicata should not apply since he faced "a legal obstacle that barred him from asserting his Title VII claim at the same time he filed his § 1983 case," as the plaintiff had not obtained a right-to-sue letter from the EEOC when judgment was issued in the first case. *Id.* at 550-51. The Seventh Circuit rejected this argument, noting that plaintiffs who seek relief under different statutes for the same adverse employment action "routinely ask district courts to stay the first lawsuit until they obtain a right-to-sue letter." *Id.* at 550. The Seventh Circuit therefore held that the plaintiff's failure to take any of the available steps to preserve his claim "means that his additional legal theories arising from the same events are barred by claim preclusion or res judicata." *Id.* at 551.

Other federal circuits have similarly concluded that a plaintiff cannot use an unprocessed EEOC charge to avoid the application of res judicata. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001) (collecting cases and holding that "we now join our sister circuits in holding that Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims."); *Wilkes v. Wyoming Dep't of Emp. Div. of Labor Standards*, 314 F.3d 501, 505 (10th Cir. 2002) (same, collecting cases); *Havercombe v. Dep't of Educ. of Com. of P.R.*, 250

F.3d 1, 8 (1st Cir. 2001) ("[T]he lack of a right-to-sue letter would not have prevented plaintiff from notifying the court of his allegations of defendants' continuing violations of federal anti-discrimination laws . . . and, if need be, asking for a stay until the EEOC issued him the letter.").

In this case, Plaintiff argues that she could not have raised the age and sex discrimination claims referenced in her second charge of discrimination at the time that she filed her first lawsuit because the EEOC had not issued a right-to-sue letter at the time that Plaintiff filed the first lawsuit. Notably, Plaintiff does not dispute that her retaliation claim is barred by res judicata. *See* d/e # 19, Plaintiff's Brief at pg.'s 2-3 (arguing that res judicata should not apply to "all of her claims" and arguing only that her alleged age and sex discrimination claims should proceed). In addition, while Plaintiff references a sex discrimination claim, she has filed no such claim. *See* d/e #1.[1] This lawsuit is based on alleged retaliation and age discrimination. Thus, the only issue is whether Plaintiff's age discrimination claim is saved from the bar of res judicata by the fact that she did not have a right-to-sue letter when she filed her first lawsuit.

As previously detailed, the Seventh Circuit has repeatedly rejected this argument. *Palka*, 662 F.3d at 438; *Czarniecki*, 633 F.3d at 550-51. Here, Plaintiff's first lawsuit challenging her termination was filed on March 3, 2010. She filed her second charge of discrimination, charge #440-2010-2670, on March 5, 2010. That charge also challenged Plaintiff's termination and alleged that her termination was the result of age and sex discrimination as well as retaliation. At this point, as the Seventh Circuit has explained, Plaintiff had multiple options to preserve her claims. *Palka*, 662 F.3d at 438. However, Plaintiff did nothing. Plaintiff did not request that the Court stay her first lawsuit, did not seek any type of agreement with her former employer to

---

[1] Indeed, any sex discrimination claim based on charge #440-2010-2670 would be untimely because it would be filed more than ninety days after Plaintiff's receipt of her right-to-sue letter. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2001).

allow claim splitting, and did not request that the EEOC speed up the administrative process. Plaintiff's failure to take any action to preserve her age discrimination claims dooms that claim.

Moreover, Plaintiff's argument that she needed to wait for a right-to-sue letter in order to file an age discrimination lawsuit is incorrect. While Title VII claims require a right-to-sue letter, a plaintiff can file an ADEA lawsuit at any time—even without a right-to-sue letter—so long as sixty days have passed from the filing of the charge of discrimination. 29 CFR § 1626.18(b); *see also Sproul v. Washoe Barton Medical Clinic*, No. 10-CV-801, 2011 WL 5190529, * 3 (D.C. Nev. Oct. 27, 2011) (unpublished, copy attached as Ex. A) ("[A] plaintiff may sue under the ADEA so long as she files a 'charge' and gives the [EEOC] sixty days to consider it . . . ."). Plaintiff filed her second charge of discrimination on March 5, 2010. Consequently, on May 5, 2010, Plaintiff could have amended her complaint in the first lawsuit and filed her age discrimination claim. However, she failed to do so. *See Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp.2d 793, 798 (E.D. V.A. 2007) ("Plaintiff's lack of diligence is further highlighted by the fact that she did not have to wait until the EEOC issued the Notice to file [an ADEA claim]."); *see also Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 40-41 (2d Cir. 1992) (second Title VII lawsuit bared by res judicata because plaintiff could have sought a right-to-sue letter and amended complaint in pre-existing federal lawsuit to include Title VII claim.).

Further, even if Plaintiff waited for her right-to-sue letter, which she did not have to do, the right-to-sue letter was issued on March 30, 2010. Plaintiff could have then amended her complaint in her pre-existing federal lawsuit. She did not. Instead, while her pre-existing lawsuit was still pending, Plaintiff filed this lawsuit on June 25, 2010. Plaintiff's contention that she could not raise her age discrimination claim in her first lawsuit is completely belied by the fact that she had multiple opportunities to do so and in fact raised her age discrimination claim in this

lawsuit while the first lawsuit was still pending. Plaintiff simply chose to ignore her first lawsuit and split her claims. This is precisely what res judicata is designed to prevent. *Brzostowski*, 49 F.3d at 338.

Finally, Plaintiff argues that res judicata should not apply since she was *pro se* at the time she filed her first lawsuit. Defendant notes that Plaintiff was not *pro se* during the entire time period that her first lawsuit was pending, as she filed this lawsuit through counsel while the first lawsuit was pending. Regardless, res judicata applies to even *pro se* complaints dismissed for want of prosecution. *See Smith v. CNA Fin. Corp.*, No. 10-C-4505, 2011 WL 1557871, *2, 4-6 (N.D. Ill. Apr. 25, 2011) (dismissal of *pro se* plaintiff's Title VII lawsuit for want of prosecution operated as res judicata to bar a second lawsuit under Title VII and the ADEA) (unpublished). Moreover, although Plaintiff argues that application of res judicata in this case would not serve the purpose of the doctrine, the Seventh Circuit has explained that if a plaintiff were exempt from res judicata and permitted to split claims by waiting for right-to-sue letters, such a rule "would require courts and parties routinely to litigate such cases twice—an expensive and wasteful approach that is not required by any applicable law." *Czarniecki*, 633 F.3d at 551.

WHEREFORE, Defendant respectfully requests that this honorable Court enter judgment on the pleadings and dismiss this case with prejudice.

                                          Respectfully submitted,

                                          THE BOARD OF TRUSTEES OF
                                          WESTERN ILLINOIS UNIVERSITY,
                                              Defendant,
                                          LISA MADIGAN, Attorney General
                                          State of Illinois,

Joshua I. Grant, #6299901
Assistant Attorney General                            Attorney for Defendant,
500 South Second Street
Springfield, Illinois 62706                          By: s/ Joshua I. Grant
Phone: (217) 782-9014                                 Joshua I. Grant, Assistant Attorney General
Of Counsel.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| LISA BARR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No.   10-1199-MMM-JAG |
| | ) |
| THE BOARD OF TRUSTEES OF | ) |
| WESTERN ILLINOIS UNIVERSITY, | ) |
| a body politic and corporate, | ) |
| | ) |
|     Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2013, I electronically filed the foregoing Defendant's Response to Plaintiff's January 17, 2013, Brief with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    James P. Baker   jamesbakerlaw@sbcglobal.net; bschrader2@gmail.com

 

    Respectfully Submitted,
    <u>s/ Joshua I. Grant</u>
    Joshua I. Grant, #6299901
    Assistant Attorney General
    Attorney for Defendant
    Office of the Illinois Attorney General
    500 South Second Street
    Springfield, Illinois 62706
    Phone: (217) 782-9014
    Facsimile: (217) 524-5091
    Email: jgrant@atg.state.il.us